IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00035-RLV
(5:08-CR-00051-RLV-DCK-2)

| | |
|---|---|
| MARCUS DWAYNE PARHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On September 14, 2010, Petitioner was convicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(c) (Count One); one count of possessing one or more firearms during and in relation to drug trafficking crimes and aiding and abetting the same, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three); and one count of possessing one or more firearms in and affecting commerce by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (Count Five). Petitioner was sentenced to terms of 240 months' imprisonment on Counts One and Five to be served concurrently, and a term of 60 months' imprisonment on Count Three with such term to run consecutively to the 240 month terms imposed for Counts One and Five. (5:08-CR-00051, Doc. No. 70: Judgment in a Criminal Case). Petitioner did not

1

file a direct appeal.

On May 2, 2011, Petitioner filed a motion vacate under 28 U.S.C. § 2255 raising a claim of ineffective assistance of counsel and a claim challenging the Court's decision to deny his motion to suppress which was filed at the trial level. On May 19, 2011, the Court entered an Order denying Petitioner's claims for relief and dismissing the Section 2255 motion. (5:11-CV-00063-RLV, Doc. No. 2). Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit which was dismissed on December 20, 2011. United States v. Parham, 458 F. App'x 279 (4th Cir. 2011) (unpublished). On April 16, 2012, the Supreme Court of the United States denied the Petitioner's petition for a writ of certiorari. Parham v. United States, 132 S. Ct. 1937 (2012).

On February 22, 2013, Petitioner filed the present § 2255 motion contending that he is entitled to be resentenced based on the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), in which the Court held that the Fair Sentencing Act ("FSA") applies to sentencing proceedings that take place after the effective date of the FSA which was on August 3, 2010. The Government moves to dismiss the § 2255 motion contending that it represents an unauthorized, successive motion under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court agrees with the Government's position and will therefore dismiss this § 2255 motion.

## II. DISCUSSION

The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner has previously filed a Section 2255 motion that was denied and dismissed on the merits on May 19, 2011, and that determination was upheld by the Fourth Circuit and Petitioner's petition was a writ of certiorari was denied by the Supreme Court. Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255. Moreover, the Court observes that Petitioner's argument could have been made prior to his sentencing, and even if denied, would have been preserved for appellate review. However, Petitioner raised no such claim before this Court and he did not file a direct appeal. For the reasons stated herein, Petitioner's § 2255 motion will be dismissed.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

3

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

Signed: July 10, 2013

Richard L. Voorhees
United States District Judge